RECEIPT NUMBER
$(2972



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGISTRATE JUDGE CAPEL,

CO/OP OPTICAL VISION DESIGNS, assumed name for
COOPERATIVE OPTICAL SERVICS, INC.,
A Michigan corporation,

        Plaintiff,

-vs-

LOCAL 84932, UNITED OPTICAL WORKERS, of Detroit, Michigan, affiliated with the INTERNATIONAL UNION of ELECTRICAL WORKERS-COMMINICATION WORKERS OF AMERICA, AFL-CIO,

        Defendants.

JUDGE : Rosen, Gerald E.
DECK : S. Division Civil Deck
DATE : 08/30/2004 @ 13:32:27
CASE NUMBER : 2:04CV73369
CMP CO/OP OPTICAL V. LOCAL 84932 (KC)

## ACTION TO VACATE ARBITRATION AWARD

NOW COMES the plaintiff, by and through its attorney, William S. Stern, and who files this action to vacate an arbitration award for the following reasons:

1. Jurisdiction in this Court arises due to the fact that this action is brought pursuant to the Federal Arbitration Act, specifically 9 USC §10, that allows a Court to vacate an arbitration award upon the application of any party to the arbitration for various reasons. Jurisdiction also arises as this action requests a finding that a decision of an arbitrator concerning the terms of a Collective Bargaining Agreement violated the terms and spirit of the National Labor Relations Act, specifically 29 USC 158(d).

2. The plaintiff is an employer engaged in providing optical eye care as well as the manufacturing and retail sales of optical wear.

3. The defendant herein is a union representing employees of the plaintiff.

4. The arbitration in this case arose due to a dispute concerning the provisions of the Collective Bargaining Agreement dated May 15, 2002 between the plaintiff and

defendant when the plaintiff in 2003 transferred employees to various retail establishments without posting the positions.

5. The defendant union objected to the transfers and filed a grievance that was denied by the plaintiff. The basis for the denial by the plaintiff was the contention that the Collective Bargaining Agreement did not prohibit the unilateral transfer of employees and therefore, the right to unilaterally transfer employees from one location to another was a right reserved to management pursuant to ARTICLE XVI, Section 1 of the Collective Bargaining Agreement that states that the "usual and customary rights of management not specifically modified or abridged by the terms of this Agreement remain the rights of management".

6. An additional reason that the plaintiff denied the grievance was that the union during the earliest stage of the grievance hearing, right up to the arbitration that is the subject of this suit, refused to disclose the identities of individual employees who claimed that they were aggrieved pursuant to the right given to the plaintiff under ARTICLE XII, Section II of the Collective Bargaining Agreement. The union steward who did appear refused to disclose the identities of employees who objected to the transfers so that the concerns of those employees could have been addressed.

7. Pursuant to the terms of the Collective Bargaining Agreement, the defendant on December 31, 2003 filed a Demand for Arbitration with the American Arbitration Association.

8. A hearing was held at the American Arbitration Association on June 30, 2004 and a decision was issued by the arbitrator on August 20, 2004 finding in favor of the defendants and ordering that the employees be returned to their earlier stores and that any

costs incurred by the aggrieved employees be reimbursed by the plaintiff to the employees.

9. The plaintiff files this action as it contends that the arbitration award should be vacated pursuant to 9 USC §10(a)(1) as the award was procured by undue means when the arbitrator allowed the union to produce parol evidence concerning prior contracts and negotiations that led to the present Collective Bargaining Agreement in order to contradict the unambiguous Collective Bargaining Agreement in support of the union contention that the Collective Bargaining Agreement prohibited the unilateral transfer of employees to other locations even though such language was not explicitly contained in the Collective Bargaining Agreement.

10. The plaintiff files this action as it contends that the arbitration award should be vacated pursuant to 9 USC §10(a)(1) as the award was procured by undue means when the company was "blindsided" as the union was allowed to produce witnesses of employees who claimed that they were objecting to the unilateral transfer of employees when the plaintiff demanded to know the identities and exact objections of all such employees at the earlier stage of the grievance process so that such concerns could have been addressed and perhaps resolved before the arbitration hearing.

11. The plaintiff contends that the arbitration award should be vacated pursuant to the terms of 9 USC §10(a)(3) which allows vacation of an arbitration award due to the misbehavior of the arbitrator when the rights of any party have been prejudiced when the arbitrator allowed the union to produce parol evidence concerning prior contracts and negotiations that led to the present Collective Bargaining Agreement in order to contradict the unambiguous Collective Bargaining Agreement in support of the union

contention that the Collective Bargaining Agreement prohibited the unilateral transfer of employees to other locations even though such action was not explicitly prohibited pursuant to the terms of the Collective Bargaining Agreement.

12. The plaintiff contends that the arbitration award should be vacated pursuant to the terms of 9 USC §10(a)(3) which allows vacation of an arbitration award due to the misbehavior of the arbitrator when the rights of any party have been prejudiced when the company was "blindsided" when the union was allowed to produce witnesses of employees who claimed that they were objecting to the unilateral transfer of employees when the plaintiff demanded to know the identities and exact objections of all such employees at the earlier stage of the grievance process so that such concerns could have been addressed before the arbitration hearing.

13. The plaintiff contends that the arbitration award should be vacated pursuant to the terms of 9 USC §10(a)(1),(3) & (4) where the arbitrator exceeded his powers by allowing the parol evidence concerning prior contracts and negotiations that led to the present Collective Bargaining Agreement to contradict the unambiguous terms of the Collective Bargaining Agreement of May 15, 2002 that did not prohibit the unilateral transfer of employees from one location to another when the agreement itself specifically stated that it was not to be modified pursuant to the terms of ARTICLE XXXVIII unless a specific procedure was followed and due to the fact that the Collective Bargaining Agreement in ARTICLE XII, Section 3, that prohibits an arbitrator from revising any of the terms of the Collective Bargaining Agreement.

14. There was no finding that the Collective Bargaining Agreement was ambiguous on the issue involved and therefore, it was improper to allow in the introduction of parol evidence.

15. The plaintiff further contends that even if the arbitrator would have made a finding that the Collective Bargaining Agreement was ambiguous on the issue of the unilateral transfer of employees to justify the introduction of parol evidence, that the defendant did not meet its burden of proof to show the intent of the parties included a prohibition on the unilateral transfer of employees from one location to another.

16. The plaintiff contends that the arbitration award should be vacated pursuant to the terms of 9 USC §10(a)(4) where the arbitrator exceeded his powers by allowing aggrieved employees to testify when the plaintiff demanded at earlier stages to know the names of the aggrieved employees so that their specific concerns could have been addressed at the earlier stage of the grievance process making the arbitration unnecessary.

17. The arbitration award should be vacated as the award is in conflict with federal labor policy as embodied in the National Labor Relations Act and is therefore in conflict with public policy, specifically 29 USC 158(d) which supports avoidance of labor strife and promotes peace in the labor arena by prohibiting a party to a collective bargaining agreement from terminating or modifying a collective bargaining agreement unless the party desiring the modification or termination follows a specific protocol as outlined in the statute.

18. The plaintiff is requesting an order staying the arbitration award until such time as the issues raised herein are addressed by the Court.

JS 44 11/99 — **CIVIL COVER SHEET**   COUNTY IN WHICH THIS ACTION AROSE: WAYNE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

CO/OP OPTICAL VISION DESIGNS, assumed name for COOPERATIVE OPTICAL SERVICES, INC.

**DEFENDANTS**

LOCAL 84932, UNITED OPTICAL WORKERS OF DETROIT

04-73369
GERALD ROSEN

(b) County of Residence of First Listed: Wayne

County of Residence of First Listed: Wayne

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William S. Stern (P27396)
24750 Lahser
Southfield, MI 48034
248-353-9400

Attorneys (If Known)
MAGISTRATE JUDGE CAPEL
Donald Crane
17117 W. 9 Mile Road, Suite 825
Southfield, MI 48075
248-559-5379

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [X] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury- Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21: 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel And Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC |
| [ ] 150 Recovery of Overpayment and Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | | [ ] 460 Deportation |
| [X] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced & Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [X] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [X] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

9 USC §10 - Vacation of arbitration award
29 USC §158(d) - National Labor Relations Act

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No (circled)

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No (circled)

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____